1
2
3
4
5                    IN THE UNITED STATES DISTRICT COURT
6                  FOR THE EASTERN DISTRICT OF CALIFORNIA
7

```
UNITED STATES OF AMERICA            )
for the Use and Benefit of BOSCO    )   2:13-cv-00681-GEB-KJN
CONSTRUCTION SERVICES,              )
INC., a California corporation,     )
                                    )   ORDER RE: SETTLEMENT AND
               Plaintiff,           )   DISPOSITION
                                    )
          v.                        )
                                    )
INTERNATIONAL FIDELITY INSURANCE    )
COMPANY, a New Jersey               )
corporation,                        )
                                    )
               Defendant.           )
_____    )
```

        Plaintiff filed a "Notice of Pending Settlement" on June 25, 2013, in which it states: "Plaintiff . . . hereby gives notice of a pending settlement of the above entitled action. A settlement agreement is currently being drafted for signature. It is anticipated that a dismissal of the case shall be on file with the Court within 45 days." (ECF No. 9.)

        Therefore, a dispositional document shall be filed no later than August 9, 2013. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. <u>See</u> E.D. Cal. R. 160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

1 | Further, the Status Conference scheduled for hearing on July
2 | 8, 2013, is continued to commence at 9:00 a.m. on September 16, 2013, in
3 | the event no dispositional document is filed, or if this action is not
4 | otherwise dismissed.[1] A joint status report shall be filed fourteen (14)
5 | days prior to the status conference.
6 | IT IS SO ORDERED.

Dated:  June 26, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1] The status conference will remain on calendar, because the mere representation that a case has been settled does not justify vacating a scheduling proceeding. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987)(indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).

2